## 15070

### OSWALD v. PIPPIN *ET AL.*

(8 S. E. (2d), 628)

November, 1938.

*Messrs. Thomas M. Boulware, C. Birnie Johnson* and *John L. Bowden,* for appellants,

*Messrs. Searson & Searson,* for respondent, 

April 25, 1940.

The opinion of the Court was delivered by MR. WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE.

The facts and the issues involved in this cause are so completely set forth in the opinion of this Court on a former appeal that it is entirely unnecessary to again set them forth. See *Oswald v. Lawton et al.,* 187 S. C., 42, 196 S. E., 535, 536.

On that appeal this Court stated the issues to be as follows:

"The cardinal issues for our consideration are made by the allegations of the complaint that D. Sams was present at the stockholders' meeting, where was heard the ultimatum of the State Bank Examiner that the stockholders should raise in cash the sum of $15,000.00 as a condition precedent to the consent of the State bank examiner that the bank be reopened, and that he acquiesced in the acceptance by the stockholders of this condition of the bank examiner; that he heard the proposal by J. L. Oswald that he would advance the money to meet this liability, for those not ready to pay it then, and acquiesced in it; that Oswald paid the sum of $2,000.00 for D. Sams and it went to pay the liability of Sams as stockholder, to that amount.

"Here is the crux of the case. Did D. Sams acquiesce in the proposition of J. L. Oswald? Sams died in 1932, and the executors of his will were made parties to the suit. They denied liability."

Upon the second trial of the case, at the close of the evidence, Judge Rice granted the motion of respondent for a directed verdict in his behalf. In granting the motion, the trial Judge said: "There is no doubt in my mind but that Mr. Sams acquiesced in the proposition made by Mr. Os-

wald; that Mr. Oswald paid the money for him, and that he has never gotten it back. That is the whole case. And as Judge Bonham said in his opinion, that's the crux of the case—that D. Sams acquiesced in the proposition made by J. L. Oswald. I think under the proof and under the undisputed evidence, as I recall the testimony at that meeting that Mr. Sams did agree to it. I do not think that it is material to the case that Mr. Oswald may not have heard what Mr. Sams said, but taking the whole testimony, as to what transpired in that room at that time, I do not think there is any doubt in the world but that Mr. Sams did acquiesce in the arrangement that Mr. Oswald should raise Fifteen Thousand Dollars, and the stockholders that were not capable to put up the cash, he should put it up for them. I do not think any question but that Mr. Oswald put up the money for Mr. Sams and it was never paid back to him."

After a thorough consideration of the record herein, this Court has reached the conclusion that the only reasonable inference to be drawn from the evidence is that D. Sams did in fact acquiesce in the proposition of J. L. Oswald. This being the only reasonable inference to be drawn from the evidence, the trial Judge committed no error in directing the verdict.

In conclusion it may be noted that the record discloses that in the stockholders' liability suits resulting from the closing of the bank the estate of D. Sams received credit for this payment of $2,000.00 made by J. L. Oswald. The estate has not been the loser. And this judgment reflects justice between the parties.

It is the judgment of this Court that the judgment appealed from be affirmed.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER, FISHBURNE and STUKES concur.